IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AZTECA MILLING, L.P., Individually and as assignee of TRUCO ENTERPRISES, L.P., | § § § § | |
| Plaintiff, | § § | |
| VS. | § § § | CIVIL ACTION NO. 3:17-CV-1669-D |
| GREAT WESTERN MANUFACTURING CO., INC. and SEFAR, INC., | § § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

A defendant sued on claims for strict product liability and negligence moves to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of *in personam* jurisdiction. For the reasons that follow, the court denies the motion.

I

Plaintiff Azteca Milling, L.P. ("Azteca"), individually and as assignee of Truco Enterprises, L.P. ("Truco"), is a Texas limited partnership in the corn masa flour market. Azteca operates six corn flour production facilities in the United States, including one in Henderson, Kentucky ("Henderson Facility") and one in Edinburg, Texas ("Edinburg Facility"). The corn flour produced at these facilities is used as an ingredient by other food manufacturers, including Truco, Azteca's assignor. To produce corn flower, Azteca sifts the material through industrial sifters purchased, at least in part, from defendant Great Western

Manufacturing Co., Inc. ("GWM"). Azteca employs "HS" free swinging sifters at the Henderson and Edinburg Facilities that use replacement sifter screens made of stainless steel bolt cloth mesh. Azteca purchases these replacement sifter screens from GWM. The sifter screens that GWM sells Azteca are manufactured by defendant Sefar, Inc. ("Sefar").

Truco uses Azteca's corn flour to produce tortilla chips and other Mexican-style food products. In late August 2016, Azteca received a report from Truco that some of Truco's retail customers found small wire fragments in Truco's tortilla chips. Azteca conducted an investigation and determined that the wire fragments found in the tortilla chips matched the stainless steel bolt cloth mesh sifter screens purchased from GWM and manufactured by Sefar. Azteca's investigation into the Henderson Facility revealed that a number of screens in that facility's inventory contained loose wires intertwined within the wire mesh sifter screen. Azteca later conducted a companywide investigation that revealed the same issue in a number of screens at the Edinburg Facility. As a result, in late September 2016 Azteca initiated a voluntary recall. The investigation and the recall caused Azteca significant expense.

In 2017 Azteca brought the instant suit against GWM and Sefar, alleging claims for breach of contract and warranty, strict product liability, and negligence. Azteca sues Sefar on claims for strict product liability and negligence.[1] In support of its strict product liability claim, Azteca alleges that it suffered damage to its corn flour through wire fragment

---

[1] Because the present motion is brought only on behalf of Sefar, the court will focus its analysis only on the claims alleged against Sefar.

contamination. *See* Am. Compl. 14, ¶¶ 70-75. On behalf of Truco, Azteca alleges the same regarding damage to Truco's tortilla chips. *See id.* at 17, ¶ 94-99. In support of its negligence claim, Azteca alleges that Sefar had a duty to "ensure that the sifter screens were fit for use" and to "inspect the sifter screens to ensure they were free of contaminants prior to shipment"; that Sefar breached that duty; that the damages resulting were reasonably foreseeable; and that the harms were actually and proximately caused by Sefar's action.[2] *Id.* at 14-15, ¶¶ 76-80. Azteca alleges the same on behalf of Truco. *See id.* at 18, ¶¶ 100-104.

Azteca alleges in its amended complaint that the court has personal jurisdiction over Sefar, asserting that "[t]he contracts between the Parties which give rise to the instant causes of action were negotiated and performable in Texas, and elsewhere," and that "[t]he harm to Plaintiffs caused by Defendants' actions also occurred in Texas and elsewhere." *Id.* 2-3, ¶ 7. Sefar moves to dismiss under Rule 12(b)(2), contending that the court cannot exercise *in personam* jurisdiction over it.

II

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). The determination whether

---

[2]In its negligence claims against Sefar, Azteca alleges that its harms are a direct and proximate result of only GWM's negligence. The court assumes that Azteca intends to allege all elements of a negligence claim against Sefar.

a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long-arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over Sefar would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed [it]self of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that [it] "should reasonably anticipate being haled into court" in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted). To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interests in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in fundamental social policies. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "For the court properly to assert specific personal jurisdiction, the defendant must have 'purposefully directed' [its] activities at residents of the forum, and the litigation must result from alleged injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *Archer & White, Inc. v. Tishler*, 2003 WL 22456806, at *2 (N.D. Tex. Oct. 23, 2003) (Fitzwater, J.) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted).

"The district court usually resolves the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993) (footnote omitted).

> When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies [its] burden by presenting a prima facie case for personal jurisdiction.

*Latshaw*, 167 F.3d at 211 (footnotes omitted). "This liberal standard, however, does not require the court to credit conclusory allegations, even if they remain uncontradicted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 2000 WL 35615925, at *2 (N.D. Tex. Sept. 15, 2000) (Fitzwater, J.) (citing *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 n. 16 (5th Cir. 1996)), *aff'd*, 253 F.3d 865, 869 (5th Cir.2001) (per curiam) (affirming,

*inter alia*, this conclusion).

III

A

The due process inquiry begins with a determination of whether Sefar has sufficient minimum contacts with the forum state of Texas to support either general or specific jurisdiction. *See Mink*, 190 F.3d at 336. Azteca has the burden of establishing Sefar's minimum contacts. *See Stuart*, 772 F.2d at 1192.

Azteca contends that the court may have general jurisdiction over Sefar. Azteca maintains that Sefar's active recruiting within the state of Texas and history of doing business with Azteca in Texas suggests that the stringent test for general jurisdiction may be satisfied. The court disagrees.

General jurisdiction allows a court to exercise personal jurisdiction over a defendant even when the defendant's contacts with the forum state are unrelated to the cause of action. *See Mink*, 190 F.3d at 336. For a court to exercise general jurisdiction, a defendant's contacts must be "continuous and systematic." *Id.* (citations omitted). General jurisdiction over a foreign corporation is proper "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, ___ U.S. ___, 134 S.Ct. 746, 751 (2014) (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Although Sefar has conducted business with Azteca for many years, its contacts with

the forum state are not "continuous and systematic." *Archer*, 2003 WL 22456806, at *2. Sefar is not incorporated in Texas, does not have its principal place, or any place, of business in Texas, has no manufacturing facilities in Texas, owns no property in Texas, has never designed any products specifically for the market in Texas, and only has 3% of annual sales attributable to Texas. Thus the court concludes that it does not have general jurisdiction over Sefar. The court will therefore turn to whether Azteca has established that the court can exercise specific jurisdiction.

B

Azteca's amended complaint alleges that "[t]he harm to Plaintiffs caused by Defendants' actions also occurred in Texas and elsewhere." Am. Compl. 3, ¶ 7. Sefar denies this, contending that "[t]he screens at issue were sold by Sefar to GWM in Kansas and then sold to Azteca by GWM." D. Mot. to Dis. 2, ¶ 4. In its response to Sefar's motion to dismiss, Azteca explicitly alleges for the first time that "[a]mong the screens at issue in this case are those that were contracted for, sold, and shipped by Sefar to Azteca's Texas Plants." P. Resp. Br. 9, ¶ 22. Azteca supports this allegation with an affidavit from Azteca's Corporate Administrative Manager, who avers that, "[b]ased on my personal knowledge . . . among the sifter screens Sefar supplied, sold and shipped to Azteca's Texas plants were some of the defective screens that are at issue[.]" P. App. 16-17, ¶ 11.

Because in a no-hearing situation the court in deciding a Rule 12(b)(2) motion to dismiss "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits," the court must accept that

at least some of the sifter screens at issue in this case are those that Sefar supplied, sold, and shipped to Azteca's Texas plants, and that Sefar may have caused harm to Azteca in Texas through these actions. *See Latshaw*, 167 F.3d at 211. This is sufficient to make a prima facie showing that Sefar "'purposefully directed' [its] activities at residents of the forum, and the litigation . . . result[ed] from alleged injuries that 'arise out of or relate to' [Sefar's] activities directed at the forum." *Archer*, 2003 WL 22456806, at *2 (citing *Burger King*, 471 U.S. at 472).

Although, according to the amended complaint, Azteca's claims for strict product liability and negligence appear to be based primarily on injuries that occurred outside of Texas, the court is not asked to determine personal jurisdiction on an injury-specific level. Were this the proper inquiry, this court might not have personal jurisdiction over Sefar for the injuries that Azteca allegedly sustained in Kentucky. But specific personal jurisdiction is a claim-specific inquiry. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006) (concluding that specific personal jurisdiction is a claim-specific inquiry requiring plaintiffs to establish specific jurisdiction for each claim). Because Azteca has made a prima facie showing of specific jurisdiction in Texas with respect to Azteca's claims for strict product liability and negligence, the fact that the injuries allegedly associated with these claims also occurred in other states does not preclude this court from exercising specific personal jurisdiction over Sefar. *See McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984) (explaining that even acts done outside the state having consequences or effects within the state will suffice as a basis for

jurisdiction)). Accordingly, Azteca has met its burden of making a prima facie showing that the court has specific personal jurisdiction over Sefar.

IV

The court next considers whether requiring Sefar to litigate this suit in Texas comports with "fair play and substantial justice." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) (citation omitted).

Sefar "must present a 'compelling case' that jurisdiction is unreasonable and incompatible with 'fair play and substantial justice.'" *Tempur-Pedic Int'l, Inc. v. Go Satellite Inc.*, 758 F.Supp.2d 366, 377 (N.D. Tex. 2010) (Fitzwater, C.J.) (quoting *Burger King*, 471 U.S. at 477-78). "It is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *Id.* (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (alterations in original)). Sefar has not made the required showing of a compelling case.

\* \* \*

For the reasons explained, the court denies Sefar's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.

**SO ORDERED**.

October 19, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE